UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAN DIXON and HEIDI DIXON,<br><br>                Plaintiffs,<br><br>v.<br><br>CITY OF COEUR d'ALENE,<br><br>                Defendant. | Case No. 2:10-cv-00078-LMB<br><br>**MEMORANDUM DECISION AND ORDER** |

Now pending is Plaintiff Dan Dixon's ("Dixon") Motion *in limine* to Exclude Polygraph Evidence (Docket No. 18). Dixon seeks to exclude evidence of two failed polygraph tests that were voluntarily taken as part of an internal employment disciplinary investigation. Dixon contends that the exams and the results of the exams are inadmissible pursuant to Federal Rules of Evidence 403 and 702.

Defendant City of Coeur d'Alene ("Defendant"), Dixon's former employer, seeks to present the polygraph evidence to the jury. Defendant argues that the polygraphs are scientifically accurate, valid, and will assist the trier of fact, without prejudice.

### BACKGROUND

This is an employment law action based on allegations of wrongful discharge. In summary, Dixon alleges that Defendant breached Dixon's employment contract, and his federally protected rights to substantive due process.

Prior to the events that resulted in the filing of this case, Dixon was employed as a lieutenant by the Coeur d'Alene Police Department. In June 2009, at the conclusion of an internal department investigation into allegations that Dixon had falsified timekeeping records and manipulated a subordinate officer's work schedule, Coeur d'Alene Police Chief Wayne Longo recommended that Dixon's employment be terminated by the city. On June 24, 2009, following a pre-termination hearing, City Personnel Officer Jon Ingalls determined that in lieu of termination, Dixon be offered a demotion, from lieutenant to patrol officer (two ranks) with a similar reduction in pay. Dixon refused the offer and alleges that the determination amounted to a constructive discharge. Dixon now makes claims of wrongful termination based on his allegations of constructive discharge.

As part of the above mentioned investigation, Dixon submitted to two independent polygraph exams. Both polygraphers determined that Dixon was deceptive in his answers to investigative questions. Because on his failures of the polygraph examinations, as well as answers Dixon gave to investigators during extensive questioning outside of the polygraph examinations, Defendant determined that Dixon had falsified the timekeeping records and manipulated the subordinate officer's schedule. Defendant also concluded that Dixon had lied during the investigation, thus prompting the police chief's recommendation to terminate Dixon's employment.

## ANALYSIS

Following the decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, (1993), the status of the admissibility of polygraph evidence has been in flux. Prior

to *Daubert* the Ninth Circuit Court of Appeals excluded unstipulated polygraph evidence. *Brown v. Darcy*, 783 F.2d 1389, 1395 (9th Cir. 1986). The Court explained that "[g]iven the questionable reliability of polygraph evidence and the great potential for prejudice from inaccurate polygraph evidence, we conclude that unstipulated polygraph evidence is inadmissible as technical or scientific evidence under Fed. R. Evid. 702 because it does not 'assist the trier of fact to understand the evidence or to determine a fact in issue.' " *Id*. (*quoting* Fed. R. Evid. 702).

In *United States v. Cordoba*, 104 F.3d 225 (9th Cir. 1997), the Ninth Circuit Court of Appeals recognized that *Daubert* overruled the *Brown* per se rule barring the admission of polygraph evidence, and that district courts must perform a particularized factual inquiry into the scientific validity of such evidence to determine admissibility. *Id*. at 228. However, the Court made clear that polygraph evidence remains suspect:

> With this holding, we are not expressing new enthusiasm for admission of unstipulated polygraph evidence. The inherent problematic nature of such evidence remains. As we noted in *Brown*, polygraph evidence has grave potential for interfering with the deliberative process.

*Id*. In the instant motion, Dixon seeks to exclude the results and any mention of the aforementioned polygraph examinations under Federal Rule of Evidence 403 and 702. However, because neither Dixon nor Defendant have requested a Rule 702 *Daubert* hearing, Dixon's motion will be examined only under the ambit of Federal Rule of Evidence 403. *See U.S. v. Ramirez-Robles*, 386 F.3d 1234, 1247 (9th Cir. 2004); *U.S. v.*

*Benavidez-Benavidez*, 217 F.3d 720, 724–25 (9th Cir. 2000) (noting that "Rule 403 affords us ample authority for [excluding polygraph evidence].").

Federal Rule of Evidence 403 states:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403. "Trial judges have wide discretion to exclude evidence . . . because the considerations arising under Rule 403 are 'susceptible only to case-by-case determinations, requiring examination of the surrounding facts, circumstances, and issues.'" *R.B. Matthews, Inc. v. Transamerica Transp. Servs., Inc.*, 945 F.2d 269, 272 (9th Cir.1991) (*quoting United States v. Layton*, 767 F.2d 549, 554 (9th Cir. 1985)). Simply put, Rule 403 requires that evidence be excluded if the probative value is substantially outweighed by its prejudicial impact. *United States v. Benavidez-Benavidez*, 217 F.3d 720, 725 (9th Cir. 2000). Though there is no requirement that the Court formulaically recite its weighing of issues, Rule 403 requires that the trial judge balance the probative value of the evidence against its prejudicial effect. *See U.S. v. Ono*, 918 F.2d 1462, 1465–66 (9th Cir. 1990). "The district court is given wide discretion . . . to exclude relevant evidence if there is a danger of unfair prejudice." *United States v. Dupuy*, 760 F.2d 1492, 1499 (9th Cir. 1985). The trial court's decision is reviewed for abuse of discretion. *United States v. Patterson*, 678 F.2d 774, 778 (9th Cir. 1982), *cert. denied*, 459 U.S. 911 (1982).

Dixon contends that the polygraph evidence is unfairly prejudicial when compared to its probative value because it goes directly to Dixon's credibility. Dixon argues that polygraph evidence is unique in that it will likely lead jurors to abandon their duty to objectively assess credibility, and instead give excessive weight to the polygrapher's opinion of Plaintiff's credibility.

Defendant concedes that polygraph evidence is inadmissible in nearly all cases, but contends nonetheless that the polygraph evidence should be admitted here. Defendant argues that the polygraphs' probative value far outweighs any prejudicial effect. Alternatively, Defendant initially argued that Dixon had stipulated to the admission of the polygraphs prior to their administration. However, Defendant withdrew this contention at oral argument, conceding that case law barred this theory. Nevertheless, Defendant then introduced another alternative theory that Dixon had stipulated to the admission of the polygraph examinations when he signed his employment agreement at the time he was hired. The Court allowed Defendant to supplement the record with the employment contract and submit further argument, which it did on September 8, 2010.

As an initial matter, with regard to Defendant's assertions that Dixon stipulated to the use of the polygraph evidence at trial, Defendant has produced insufficient evidence showing that Dixon's employment contract includes a stipulation to use polygraph examinations at trial. By definition, a stipulation constitutes "[a]n express waiver made . . . preparatory to trial by the party or his attorney conceding for the purposes of trial the truth of some alleged fact . . . the fact is thereafter to be taken for granted; so that the one

**MEMORANDUM DECISION AND ORDER - 5 -**

party need offer no evidence to prove it and the other is not allowed to disprove it . . . ." 9 Wigmore, Evidence § 2588, at 821 (Chadburn 1981) (emphasis added), *and see* 2 McCormack on Evidence § 254 (West 1992) (stipulations "have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact"). Though it contends that the employment agreement can be characterized as an express waiver, Defendant's evidence shows only that Dixon was on notice that, should a dispute arise, polygraph examinations may be used as part of any investigation. This is insufficient to constitute an express waiver. Accordingly, the polygraph evidence will not be introduced on this ground. *See Herman v. Eagle*, 283 F. Supp. 33, 34–35 (D.C. Cal. 1966), *aff'd*, 396 F.2d 427 (9th Cir. 1968).

The Ninth Circuit Court of Appeals has held that, when presented to a trier of fact, polygraph testimony has "powerful persuasive value." *United States v. Ramirez-Robles*, 386 F.3d 1234, 1246 (9th Cir. 2004). The Circuit Court also recognized that polygraphs have a "misleading reputation as a truth teller." *U.S. v. Marshall*, 526 F.2d 1349, 1360. In *Benavidez-Benavidez*, the Ninth Circuit held that the district court did not abuse its discretion when it excluded polygraph evidence under Rule 403, "citing the special risk that the jury might give excessive weight to the polygrapher's conclusions." 217 F.3d 720, 725.

The Ninth Circuit "has been inhospitable to contentions that a district court has abused its discretion in refusing to admit polygraphic evidence." *U.S. v. Demma*, 523 F.2d 981, 987 (9th Cir. 1975). In fact, "a trial court will rarely abuse its discretion by refusing

to admit polygraph evidence, even for a limited purpose and under limited conditions."
*United States v. Marshall*, 526 F.2d 1349, 1360 (9th Cir. 1975).

In this action, the essence of the parties' dispute is whether Dixon was truthful in reporting time. Defendant determined, with the aid of the polygraph examinations, interviews, and other investigative techniques, that Dixon was not truthful. With that determination made, Defendant disciplined Dixon accordingly. Thus, in its simplest terms, Dixon contends that he was harmed when Defendant falsely found him to be untruthful. For this reason, this is plainly a case where the credibility of the parties, particularly Dixon, is the operative fact that will ultimately determine who prevails.

Dixon's polygraph results, even the fact that a polygraph was administered is relevant for obvious reasons. Here, however, there is great potential for jurors to abandon their duty to fairly evaluate Dixon's credibility in favor of accepting the results of the polygraph examination. This potential undermines the test's relevance, and this potential prejudice substantially outweighs the probative value. Moreover, polygraph evidence has the potential to replace a jury's credibility determination. The reasoning in *Brown* endures on this point:

> The introduction of polygraph evidence . . . infringes on the jury's role in determining credibility. Our adversary system is built on the premise that the jury reviews the testimony and determines which version of events it believes. Allowing a polygraph expert to analyze responses to a series of questions and then testify that one side is telling the truth interferes with this function.

*Brown*, 783 F.2d at 1396. This case depends almost entirely upon the trier of fact's determination regarding Dixon's credibility. This determination is reserved to the trier of

fact, making admission of the polygraph evidence unduly prejudicial. "The polygraph testimony would be tantamount to testimony regarding the defendant's guilt or innocence." *United States v. Cordoba*, 991 F.Supp. 1199, 1208 (C.D. Cal. 1998) (*citing United States v. Alexander*, 526 F.2d 161, 167-68 (8th Cir.1975) (finding the distinction between an expert's opinion as to truth or falsity of responses and guilt or innocence is illusory). Based on the current case law, it can be safely said that a trier of fact would naturally trust the polygrapher's conclusion regarding a test subject's credibility. Further, just mention of the polygraph examinations, even without telling the results, is prejudicial. "[A] jury would be reasonably likely to infer from the evidence that [Dixon] did indeed fail the polygraph examination." *See United States v. Bowen*, 857 F.2d 1337 (9th Cir. 1988).

The Court has considered the arguments of the parties, examined the record and concludes that Dixon would suffer unfair prejudice from admission of the polygraph evidence. "The polygraph testimony would be tantamount to testimony regarding [liability]." *Cordoba*, 991 F.Supp. at 1208. Accordingly, the polygraph evidence will be excluded.

/ / /

/ / /

/ / /

**ORDER**

1. Plaintiffs' *First Motion in limine to Exclude Polygraph Evidence* (Docket No. 18) is GRANTED;

2. The *Case Management Order* (Docket No. 11) is AMENDED to reflect that a settlement conference shall be held by December 30, 2010. Counsel for the parties are responsible for contacting Lisa Brownson, in Judge Williams's chambers, at 208-334-9330, to schedule the conference.



DATED: **November 23, 2010**.

Honorable Larry M. Boyle
United States Magistrate Judge